**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EPIC TECH, LLC,

    Plaintiff,

v.                                          Case No. 3:15-cv-00530-J-34JRK

PARADISE INTERNET CAFÉ, LLC,
M&P GAMES, LLC, LUCKY JOES
SWEEPSTAKES LLC, STAXX
AMUSEMENT DISTRIBUTION, LLC,
TAMI L. BRENNER, also known as
TAMI LEAH PATEL, GEORGE PATEL,
SHAUN B. SHOEMAKER, JON D.
GOLDSTEIN, MITESH J. PATEL,
FARUK FATEHALI, and IVAN I. VEGA,

    Defendants.
_____/

***EX PARTE* TEMPORARY RESTRAINING ORDER
AND SCHEDULING OF A PRELIMINARY INJUNCTION HEARING**

Plaintiff Epic Tech, LLC ("Epic Tech") filed its Verified Complaint (Doc. 1) seeking a permanent injunction and other equitable relief arising from federal claims for copyright infringement, trademark infringement (under both federal and common law), and unfair competition (including false designation of origin and advertising) and state law claims for conversion, misappropriation of trade secrets, and unfair and deceptive trade practices. The Verified Complaint alleges, *inter alia*, that Defendants have violated Section 501 of the Copyright Act, 17 U.S.C. § 501, Sections 32 and 43 of the Lanham (Trademark) Act, 15 U.S.C. §§ 1114(1) and 1125(a)(1)(A), and Florida's Uniform Trade

Secrets Act, Fla. Stat. § 688.001 *et seq.*, in connection with alleged piracy and unauthorized use of sweepstakes gaming software owned by Epic Tech.  Epic Tech has applied *ex parte* for a temporary restraining order and a preliminary injunction pursuant to Rule 65(b), Federal Rules of Civil Procedure (Rule(s)).  *See* Epic Tech's Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum of Law (the "TRO Motion").  In support of the TRO Motion, Epic Tech filed the affidavits of Jason Queen, Terry Moore, and Lee D. Wedekind, III.  The Court conducted an *ex parte* telephone hearing with counsel for Epic Tech on April 29, 2015, to verify and discuss the allegations raised in the Complaint and TRO Motion, the record of which is incorporated herein by reference.  *See* Minute Entry (Doc. 31).

Having considered the Verified Complaint, TRO Motion, and affidavits filed in support thereof, and in accordance with Rule 65(b) and Local Rule 4.05, the Court makes the following findings for the limited purpose of resolving this Motion:

1.      As this matter pertains to federal copyright and trademark claims, this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1338.  In addition, the Court has jurisdiction over the state law claims raised in the Complaint pursuant to 28 U.S.C. § 1367.  Based on the allegations in the Complaint, there is good cause to believe the Court will have personal jurisdiction over all the parties to this action, and venue in this District is proper.

2.      Injunctive relief is authorized by both federal and state law for the claims raised in the Complaint.  *See* 17 U.S.C. § 1322 (copyrights); 15 U.S.C. § 1116(a) (trademarks); Fla. Stat. § 688.003(1) (trade secrets).  Under the law of the Eleventh

Circuit, to obtain injunctive relief, a movant must show: (1) the movant has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if the injunction does not issue; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction will cause the opposing party; and (4) that the proposed injunction would not be adverse to the public interest. *See All Care Nursing Serv., Inc. v. Bethesda Memorial Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989).

3. Plaintiff has shown a substantial likelihood of success on the merits of its trademark, copyright and trade secret claims. The Court finds good cause to believe that Defendants have engaged and are likely to continue to engage in acts or practices that violate Section 501 of the Copyright Act, 17 U.S.C. § 501; Sections 32 and 43 of the Lanham (Trademark) Act, 15 U.S.C. §§ 1114(1) and 1125(a)(1)(A), and Florida's Uniform Trade Secrets Act, Fla. Stat. § 688.001 *et seq.* Specifically, Epic Tech has presented evidence that Defendants are utilizing and/or distributing a software system known as "Falcon," which has identical or substantially similar images, themes, and functions as Epic Tech's "Legacy" software system. Based on the limited record currently before the Court, it appears that the "Falcon" software system makes unauthorized use of Epic Tech's copyrighted art, registered and unregistered trademarks, and trade secrets.

4. Upon review of the specific facts set forth in the Affidavits and Verified Complaint, the Court finds that Epic Tech has sufficiently established that it will suffer irreparable harm from Defendants' ongoing violations unless Defendants are restrained and enjoined by Order of this Court. In particular, Epic Tech has established that: its

rights under copyright, trademark and trade secret law are harmed by Defendants' ongoing use of the purportedly infringing software, it risks irreparable harm to its business reputation and goodwill, and, as it appears Defendants may be using Epic Tech's products in a way that is prohibited by Florida law, Epic Tech could be harmed by an association with illegal activity.

5. On the current record, the Court finds that any harm to the private interests of Defendants by this Order, especially in light of its limited duration, does not outweigh the potentially irreparable injury to Epic Tech absent injunctive relief. The Court further finds that the public interest weighs in favor of the entry of a temporary restraining order under the circumstances.

6. Finally, the Court determines that, in accordance with Rule 65(b) and Local Rule 4.05(b)(2), this Temporary Restraining Order should be issued without prior notice to Defendants. Epic Tech has set forth sufficient facts to support a finding that prior notice to Defendants cannot be given because such notice would thwart the likelihood of effective relief. Specifically, Epic Tech maintains that the product at issue is easily transportable, concealable and destroyable. *See* Affidavit of Lee D. Wedekind, III ¶¶ 6-9. Moreover, at the hearing, counsel for Epic Tech stated that he had reason to believe that Defendants may have already undertaken efforts to conceal or remove evidence of infringement. Thus, based on the representations in the TRO Motion and those made during the April 29, 2015 hearing, the Court finds good cause for relieving Epic Tech of the duty to provide Defendants with prior notice of the TRO Motion.

7. In light of the foregoing, the Court concludes that Epic Tech has satisfied the requirements of Rule 65(b) and Local Rule 4.05 such that a Temporary Restraining Order is warranted at this time. However, in issuing this Temporary Restraining Order, the Court understands that Defendants have not yet been given an opportunity to be heard. As such, the Court emphasizes that these findings are based on the limited record before the Court at this time and it is not making a final decision on any request for preliminary injunctive relief. Nonetheless, the Court is persuaded that issuing the Temporary Restraining Order until a full hearing can be held on the Epic Tech's request for preliminary injunctive relief is the lawful and proper action. Accordingly, it is

**ORDERED:**

1. Epic Tech's Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum of Law is **GRANTED, in part**.

    a. Epic Tech's Motion is **GRANTED** to the extent that the Court enters a Temporary Restraining Order as set forth below.

    b. In all other respects, Epic Tech's Motion is **TAKEN UNDER ADVISEMENT.**

2. Defendants, their agents, servants, employees, confederates, attorneys, and any person acting in concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are **prohibited** directly or indirectly from:

    a. Copying, reproducing, marketing, distributing, selling or otherwise using in any way, any reproduction, counterfeit, copy, or colorable imitation of

    the Epic System software known as "Legacy." Such reproduction, counterfeit, copy or colorable imitation includes but is not limited to the software system known as "Falcon."

  b. Operating or offering to the public any machines or online video or gaming systems or programs that use any reproduction, counterfeit, copy, or colorable imitation of the Epic System software known as "Legacy." Such reproduction, counterfeit, copy or colorable imitation includes but is not limited to the software system known as "Falcon."

  c. Erasing, deleting, altering or destroying infringing copies of software installed on its computers or destroying or removing any documents, electronic files or business records that relate to the copying, reproduction, duplication, dissemination, or distribution of any infringing copies of Epic Tech's software, including but not limited to the software system known as "Falcon."

3. Epic Tech is directed to comply with Local Rule 4.05(b)(5) and immediately effect of service of process on Defendants in accordance with Rule 4, and to provide Defendants with all of the materials required by the Local Rules.

4. Execution on this Temporary Restraining Order is conditioned on Epic Tech's first filing with the Clerk of the Clerk an undertaking in the form of a bond, certified, cashier's or attorney's check or cash in the amount of **$37,500** to secure payment of such costs and damages not to exceed the amount that may be suffered or sustained by any party who is found to be wrongfully restrained

or who is damaged by the entry of this Order.

5. A hearing as to whether this Temporary Restraining Order should be converted into a preliminary injunction will be held on **May 11, 2015, at 2:00 p.m.**, in Courtroom 10D, Tenth Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida.[1] However, Defendants may request that the Court conduct the preliminary injunction hearing at an earlier date if desired.

6. The hearing is expected to be conducted in accordance with Local Rule 4.06 and Rule 65, Federal Rules of Civil Procedure. The case does not appear to involve the exceptional situation wherein the Court would allow the parties to submit evidence at the hearing. *See* Local Rule 4.06(b). Thus, the hearing will be limited to the written submissions and arguments of counsel.

7. Defendants shall file their response to the Motion, including all counter or opposing affidavits, and a legal memoranda with the Court no later than **noon on Friday, May 8, 2015**.

8. This Order shall expire on **May 14, 2015 at 5:00 p.m. (eastern)**, unless extended or sooner dissolved.

---

[1] All persons entering the Courthouse must present photo identification to Court Security Officers. Although cell phones, laptop computers, and similar electronic devices generally are not permitted in the building, attorneys may bring those items with them upon presentation to Court Security Officers of a Florida Bar card (presentation of the Duval County Courthouse lawyer identification card will suffice) or Order of special admission *pro hac vice*. However, all cell phones must be turned off while in the courtroom.

**IT IS SO ORDERED**, this 30th day of April, 2015 at 4:30 p.m.

TIMOTHY J. CORRIGAN
United States District Judge