**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EPIC TECH, LLC,

    Plaintiff,

v.                                                   Case No. 3:15-cv-00530-J-34JRK

PARADISE INTERNET CAFÉ, LLC,
M&P GAMES, LLC, LUCKY JOES
SWEEPSTAKES LLC, STAXX
AMUSEMENT DISTRIBUTION, LLC,
TAMI L. BRENNER, also known as
TAMI LEAH PATEL, GEORGE PATEL,
SHAUN B. SHOEMAKER, JON D.
GOLDSTEIN, MITESH J. PATEL,
FARUK FATEHALI, and IVAN I. VEGA,

    Defendants.

_____/

**PRELIMINARY INJUNCTION ORDER**

Plaintiff Epic Tech, LLC ("Epic Tech") filed its Verified Complaint (Doc. 1) seeking a preliminary injunction and other equitable relief arising from federal claims for copyright infringement, trademark infringement and unfair competition and state law claims for conversion, misappropriation of trade secrets, and unfair and deceptive trade practices. The Verified Complaint alleges, *inter alia*, that Defendants have violated Section 501 of the Copyright Act, 17 U.S.C. § 501, Sections 32 and 43 of the Lanham (Trademark) Act, 15 U.S.C. §§ 1114(1) and 1125(a)(1)(A), and Florida's Uniform Trade Secrets Act, Fla. Stat. § 688.001 *et seq.*, in connection with alleged piracy and

unauthorized use of sweepstakes gaming software owned by Epic Tech. On April 24, 2015, Epic Tech applied *ex parte* for a temporary restraining order and a preliminary injunction pursuant to Rule 65, Federal Rules of Civil Procedure (Rule(s)). *See* Epic Tech's Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum of Law (Doc. 15; "Motion"). In support of the Motion, Epic Tech filed the affidavits of Jason Queen (Doc. 16), Terry Moore (Doc. 17), and Lee D. Wedekind, III (Doc. 7).[1] The Court conducted an *ex parte* telephone hearing with counsel for Epic Tech on April 29, 2015, to verify and discuss the allegations raised in the Complaint and Motion. *See* Minute Entry (Doc. 31). On April 30, 2015, the Court entered an *Ex Parte* Temporary Restraining Order and Scheduling of a Preliminary Injunction Hearing (Doc. 14; Temporary Restraining Order). This cause is now before the Court on Epic Tech's request to convert the Temporary Restraining Order into a preliminary injunction. *See* Motion at 25.

In the Temporary Restraining Order, the Court directed Epic Tech to immediately effect service of process on Defendants, and to provide them with a copy of the Motion, the supporting affidavits, and the Court's Temporary Restraining Order. The Court also scheduled a hearing for 2:00 p.m. on Monday, May 11, 2015, to determine whether the Temporary Restraining Order should be converted into a preliminary injunction. Pursuant to the Order, Defendants had until noon on May 8, 2015, to file a response to the Motion. Epic Tech effected service of process on all but one Defendant over a span

---

[1] The Court cites to the redacted versions of these documents filed on the public docket. Unredacted versions of the Motion, Queen Affidavit, and Moore Affidavit are filed under seal at documents 18-20. See Order (Doc. 12).

of days from May 4, 2015, to May 7, 2015. *See* Notice of Filing (Doc. 23).[2] Nonetheless, no Defendant appeared in this case or filed a response to the Motion. The Court conducted the preliminary injunction hearing on May 11, 2015, at 2:00 p.m. as scheduled, the record of which is incorporated herein by reference. Donald R. Pocock, Ashley B. Summer and Lee D. Wedekind, III appeared at the hearing as counsel for Epic Tech. Counsel for Epic Tech assured the Court that Epic Tech had served Defendants with, *inter alia*, a copy of the Court's Temporary Restraining Order, as directed, which states the time and place of the hearing. Despite this notice, Defendants did not appear at the hearing, nor did any counsel appear on their behalf.

Having considered the Verified Complaint, Motion, and affidavits filed in support thereof, and in accordance with Rule 65(a) and Local Rule 4.06, the Court makes the following findings for the limited purpose of resolving this Motion:

1. The following Defendants in this case were provided sufficient notice of the time and location of the preliminary injunction hearing by being served with copies of the Verified Complaint, Summons and the Court's Temporary Restraining Order on the following dates:

   a. Paradise Internet Café, LLC -- May 4, 2015

   b. M&P Games, LLC -- May 4, 2015

   c. Lucky Joes Sweepstakes LLC -- May 5, 2015

   d. Staxx Amusement Distribution, LLC -- May 5, 2015

   e. Tami L. Brenner -- May 7, 2015

---

[2] Counsel for Epic Tech explained at the hearing on May 11, 2015, that service of process has not yet been effected on Defendant George Patel because Epic Tech has been unable to locate him.

    f. Shaun B. Shoemaker -- May 5, 2015

    g. Jon D. Goldstein -- May 6, 2015

    h. Mitesh J. Patel -- May 5, 2015

    i. Faruk Fatehali -- May 5, 2015

    j. Ivan I. Vega -- May 4, 2015

  2. Service of process has not been made on Defendant George Patel because Epic Tech has been unable to locate a current address for Mr. Patel.

  3. Injunctive relief is authorized by both federal and state law for the claims raised in the Verified Complaint. *See* 17 U.S.C. § 1322 (copyrights); 15 U.S.C. § 1116(a) (trademarks); Fla. Stat. § 688.003(1) (trade secrets). Under the law of the Eleventh Circuit, to obtain injunctive relief, a movant must show: (1) the movant has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if the injunction does not issue; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction will cause the opposing party; and (4) that the proposed injunction would not be adverse to the public interest. *See All Care Nursing Serv., Inc. v. Bethesda Memorial Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989).

  4. Epic Tech has shown a substantial likelihood of success on the merits of its trademark, copyright and trade secret claims. The Court finds good cause to believe that Defendants have engaged and are likely to continue to engage in acts or practices that violate Section 501 of the Copyright Act, 17 U.S.C. § 501; Sections 32 and 43 of the Lanham (Trademark) Act, 15 U.S.C. §§ 1114(1) and 1125(a)(1)(A), and Florida's Uniform Trade Secrets Act, Fla. Stat. § 688.001 *et seq.* Specifically, Epic Tech has

presented evidence that Defendants are utilizing and/or distributing a software system known as "Falcon," which has identical or substantially similar images, themes, and functions as Epic Tech's "Legacy" software system. Based on the limited record currently before the Court, it appears that the "Falcon" software system makes unauthorized use of Epic Tech's copyrighted art, registered and unregistered trademarks, and trade secrets.

5.    Upon review of the specific facts set forth in the Affidavits and Verified Complaint, the Court finds that Epic Tech has sufficiently established that it will suffer irreparable harm from Defendants' ongoing violations unless Defendants are restrained and enjoined by Order of this Court. In particular, Epic Tech has established that: its rights under copyright, trademark and trade secret law are harmed by Defendants' ongoing use of the purportedly infringing software, it risks irreparable harm to its business reputation and goodwill, and, as it appears Defendants may be using Epic Tech's products in a way that is prohibited by Florida law, Epic Tech could be harmed by an association with illegal activity.

6.    On the current record, the Court finds that any harm to the private interests of Defendants by this Order does not outweigh the potentially irreparable injury to Epic Tech absent injunctive relief. The Court further finds that the public interest weighs in favor of the entry of a preliminary injunction under the circumstances.

7.    In light of the foregoing, the Court concludes that Epic Tech has satisfied the requirements of Rule 65(a) and Local Rule 4.06 such that the Temporary Restraining Order should be converted to a preliminary injunction at this time.  Notwithstanding the

entry of this Order, if any Defendant appears in this case and has reason to challenge these findings, such Defendant may move to dissolve or modify this Preliminary Injunction. The Court will consider any such motion on its merits. Accordingly, it is

**ORDERED:**

1. Epic Tech's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 15/18) is **GRANTED** as follows.

2. Defendants,[3] their agents, servants, employees, confederates, attorneys, and any person acting in concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are **prohibited** directly or indirectly from:

   a. Copying, reproducing, marketing, distributing, selling or otherwise using in any way, any reproduction, counterfeit, copy, or colorable imitation of the Epic System software known as "Legacy." Such prohibited reproduction, counterfeit, copy or colorable imitation includes but is not limited to the software system known as "Falcon."

   b. Operating or offering to the public any machines or online video or gaming systems or programs that use any reproduction, counterfeit, copy, or colorable imitation of the Epic System software known as "Legacy." Such prohibited reproduction, counterfeit, copy or colorable imitation includes but is not limited to the software system known as "Falcon."

   c. Erasing, deleting, altering or destroying infringing copies of software

---

[3] Except for Defendant George Patel, who has not been served.

installed on its computers or destroying or removing any documents, electronic files or business records that relate to the copying, reproduction, duplication, dissemination, or distribution of any infringing copies of Epic Tech's software, including but not limited to the software system known as "Falcon."

3. Epic Tech is directed to serve Defendants with a copy of this Preliminary Injunction Order.

4. The Court finds that the bond in the amount of $37,500 previously set by the Court in support of its Temporary Restraining Order is sufficient to protect the Defendants for the duration of this Preliminary Injunction and directs that this bond remain in place pending further order of the Court.

**IT IS SO ORDERED**, this 14th day of May, 2015.

TIMOTHY J. CORRIGAN
United States District Judge